People v Edwards (2018 NY Slip Op 05192)





People v Edwards


2018 NY Slip Op 05192


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON, JJ.


2017-08721
 (Ind. No. 16-00692)

[*1]The People of the State of New York, respondent,
v
Jerome Edwards, appellant.


Ryanne G. Konan, Wappingers Falls, NY, for appellant.
David M. Hoovler, District Attorney, Goshen, NY (Nicholas D. Mangold of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Orange County (Nicholas De Rosa, J.), rendered July 18, 2017, convicting him of criminal possession of a weapon in the second degree, criminal possession of a firearm, and unlawful fleeing a police officer in a motor vehicle in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officers.
ORDERED that the judgment is affirmed.
The defendant was indicted for criminal possession of a weapon in the second degree, criminal possession of a firearm, and unlawful fleeing a police officer in a motor vehicle in the third degree. In his omnibus motion, the defendant moved to suppress physical evidence recovered during a search of his vehicle and his subsequent statements to the police. At a suppression hearing, the People presented evidence that early in the morning on November 19, 2016, a police officer observed a vehicle traveling at an excessively high rate of speed in the City of Newburgh. The officer activated his lights and sirens and pursued the vehicle. According to the officer, the vehicle did not stop, but instead continued to speed for several blocks, passing through a red light, before it ultimately crashed. The defendant was taken into custody, and the officer decided to impound the vehicle because it was damaged, inoperable, and creating a hazard.
At the hearing, the People established that the City of Newburgh Police Department had a written policy directing police officers to impound, among other vehicles, a vehicle that "is obstructing vehicular or pedestrian traffic, parked illegally or creates a hazardous condition." The written policy prescribed certain procedures to be followed when an officer requests that a vehicle be impounded, including that the officer must conduct a "complete inventory" of the contents of the vehicle and complete, among other documents, a Vehicle Tow Report. The hearing evidence established that several officers assisted in conducting the inventory search of the subject vehicle. As some of the officers were searching the vehicle, another officer listed the items discovered therein on the Vehicle Tow Report, which had a place designated to list "personal property and valuables" found in the vehicle. During the search, one of the officers discovered a handgun and ammunition in or under the center console of the vehicle. The Vehicle Tow Report was entered into evidence [*2]at the hearing, and it shows that the reporting officer listed a number of items found in the vehicle and the location where they were found, including the handgun and ammunition. When interviewed by a detective at the police precinct, the defendant acknowledged that the handgun and ammunition were his.
The County Court denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to police, finding that the vehicle was properly impounded because it was inoperable and creating a traffic hazard, the officers followed the police department's policy in conducting the inventory search, and the inventory search conducted was reasonable. After the court's denial of suppression, the defendant pleaded guilty to all counts in the indictment without waiving his right to appeal. On appeal, he contends that the court erred in denying suppression of the physical evidence and his statements to the police.
Inventory searches are a "well-defined exception to the warrant requirement of the Fourth Amendment. The policies behind the warrant requirement are not implicated in an inventory search, nor is the related concept of probable cause" (Colorado v Bertine, 479 US 367, 371 [citations omitted]; see People v Galak, 80 NY2d 715, 719). "[I]nventory procedures serve to protect an owner's property while it is in the custody of the police, to insure against claims of lost, stolen, or vandalized property, and to guard the police from danger" (Colorado v Bertine, 479 US at 372; see Florida v Wells, 495 US 1, 4; People v Johnson, 1 NY3d 252, 256). Although the uncovering of incriminating evidence may not be the purpose of an inventory search, incriminating evidence found during a valid inventory search will not be suppressed (see People v Padilla, 21 NY3d 268, 272; People v Johnson, 1 NY3d at 256).
In order to further the goals justifying the exception, even where a vehicle has been lawfully impounded, the inventory search itself must be conducted pursuant to "an established procedure clearly limiting the conduct of individual officers that assures that the searches are carried out consistently and reasonably" (People v Galak, 80 NY2d at 719; see People v Padilla, 21 NY3d at 272; People v Johnson, 1 NY3d at 256). When evaluating the validity of an inventory search, "two elements must be examined: first, the relationship between the search procedure adopted and the governmental objectives that justify the intrusion and, second, the adequacy of the controls on the officer's discretion" (People v Galak, 80 NY2d at 719; see People v Gomez, 13 NY3d 6, 10). The People bear the burden of demonstrating the validity of the inventory search (see People v Padilla, 21 NY3d at 272; People v Gomez, 13 NY3d at 11).
Here, we agree with the County Court's conclusion that the People met their burden of establishing the validity of the inventory search. There is no dispute that the subject vehicle was inoperable and creating a hazardous situation, and thus, pursuant to department policy, the officers were obligated to have the vehicle impounded and to conduct an inventory of the vehicle to safeguard the owner's property. The People showed that the inventory search was properly conducted pursuant to the established procedures, including the completion of the Vehicle Tow Report, which included sections to record the condition of the vehicle and the personal property and valuables contained in the vehicle (see People v Padilla, 21 NY3d 268; People v Walker, 20 NY3d 122). Contrary to the defendant's contention, the fact that the reporting officer listed the contents of the vehicle in the wrong section of the form and the fact that the form was not signed by a supervisor does not render the inventory search invalid (see People v Padilla, 21 NY3d at 272-273; People v Gomez, 13 NY3d at 11). Furthermore, although it would be better practice if the written policy at issue provided more guidance as to how the officers should conduct the inventory search, "it would serve little purpose for courts to micromanage the procedures used to search properly impounded cars" (People v Walker, 20 NY3d at 127). Here, the testimony of the officers as to their understanding of what the policy required in this regard and their compliance with it was sufficient to show the validity of the search (cf. People v Padilla, 21 NY3d 268; People v Walker, 20 NY3d 122).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the County Court's determination to deny those branches [*3]of the defendant's omnibus motion which were to suppress physical evidence and his statements to the police.
BALKIN, J.P., ROMAN, MILLER and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court